IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DESI SYKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-935 (MN) |
| | ) | |
| ROBERT MAY, Warden, and ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

## **MEMORANDUM OPINION[2]**

Desi Sykes – *Pro se* Petitioner.

Kathryn J. Garrison, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware – Attorney for Respondents.

March 3, 2021
Wilmington, Delaware

---

[1]  Warden Robert May has replaced former Warden Dana Metzger, and original party to this case.  *See* Fed. R. Civ. P. 25(d).

[2]  This case was re-assigned from the Honorable Gregory M. Sleet's docket to the undersigned's docket on September 20, 2018.

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Desi Sykes ("Petitioner"). (D.I. 1). The State filed a Motion to Dismiss on the grounds that Sykes's Petition is untimely and that there is no basis to statutorily or equitably toll the limitations period. (D.I. 14). Petitioner opposed the motion. (D.I. 12). For the reasons discussed, the Court will grant the State's Motion to Dismiss, and deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.     BACKGROUND

> [O]n November 1, 1995, [] [Petitioner] assaulted a correctional officer with a metal horseshoe and stabbed him multiple times with an improvised knife. At the time, [Petitioner] was incarcerated and serving a sentence for a previous conviction. Specifically, in 1989 a jury found [Petitioner] guilty of Murder in the First Degree, PDWDCF and Assault in the Third Degree (the "1988 Case"). [Petitioner] was sentenced in the 1995 Case to serve a term of his natural life at Level V, plus 106 years of incarceration.

*State v. Sykes*, 2017 WL 4122582, at *1 (Del. Super. Ct. Sept. 15, 2017). Petitioner was a juvenile when he committed the murder in 1988. (D.I. 14 at 1 n.2).

In February 1996, Petitioner pled guilty to attempted first degree murder, four counts of possession of a deadly weapon during the commission of a felony, assault in a detention facility, possession of a deadly weapon by a person prohibited, and promoting prison contraband. *See Sykes*, 2017 WL 4122582, at *1. The Superior Court sentenced Petitioner to imprisonment for the remainder of his natural life, plus an additional 106 years of incarceration. (D.I. 8-6 at 96-98). The Superior Court further ordered that the sentence would interrupt the sentence Petitioner was serving for the murder he committed in 1988. (D.I. 10 at 2).

On December 1, 2014, Petitioner filed a *pro se* motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 10 at 5). The Superior Court

appointed counsel to represent Petitioner, and post-conviction counsel filed a motion to withdraw on November 30, 2016. (D.I. 10 at 5, 8). On September 15, 2017, a Superior Court Commissioner filed a report recommending that the Rule 61 motion and post-conviction counsel's motion to withdraw should be denied. *See Sykes*, 2017 WL 4122582, at *4-5. The Superior Court adopted the Commissioner's Report and Recommendation on September 27, 2017. (D.I. 8-2 at 6). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on March 20, 2018. *See Sykes v. State*, 183 A.3d 1245 (Table), 2018 WL 1410696, at *2 (Del. Mar. 20, 2018). Petitioner filed a motion for rehearing *en banc*, which the Delaware Supreme Court denied on April 9, 2018. *Id.*

Petitioner filed the instant habeas Petition in June 2018, apparently asserting the following grounds for relief: (1) various allegations of ineffective assistance of counsel; and (2) he was wrongly incarcerated for conduct that does not amount to attempted first degree murder. (D.I. 3).

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B) or (D).  To the extent Petitioner attempts to trigger a later starting date under 2244(d)(1)(C) by alleging he was not aware he had a cause of action until after the Delaware Supreme Court decided *Rambo v. State*, 939 A.2d 1275 (Del. 2007), the attempt is unavailing.  In *Rambo*, the Delaware Supreme Court held that "[a]ttempted felony murder is not recognized to be a crime in Delaware."  *Id.* at 1281.  Subsection (d)(1)(C), however, only applies to federal constitutional rights newly recognized by the United States Supreme Court, not to state law rights newly recognized by a state supreme court.  *See Brice v. State*, 2017 WL 5197136, at *1 (3d Cir. Feb. 8, 2017).  Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review.  *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  Here, the Superior Court sentenced Petitioner on March 27, 1996, and he did not appeal that judgment.  Therefore, Petitioner's conviction became final on April 28, 1996.[3]  *See* Del. Supr. Ct. R. 6(a)(ii) (establishing a thirty day period for timely filing of notice of appeal).  Applying the one-year limitations period to that date, Petitioner had until April 28, 1997 to timely file his Petition.  *See Wilson v. Beard*,

---

[3]    The thirty-day appeal period actually expired on April 26, 1996, which was a Saturday. Therefore, the appeal period extended through the end of the day on Monday, June 25, 2012.  *See* Del. Sup. Ct. R. 11(a).

426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until June 24, 2018,[4] more than twenty years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A.      Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id*. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

---

[4]      Applying the prisoner mailbox rule, the Court adopts June 24, 2018 as the filing date, because that is the date on the Petition. (D.I. 1 at 15); *see Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

The one-year limitations period began to run in this case on April 29, 1996, and ran without interruption until it expired in April 1997.  Consequently, the Rule 61 motion Petitioner filed on December 1, 2014 does not statutorily toll the limitations period.  Thus, the Petition is time-barred, unless equitable tolling applies.

### B.     Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50.  With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect.  *Id.* at 651-52.  As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011).  An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).  Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003).  The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights.  *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Petitioner appears to allege that the ineffective assistance of his defense counsel and post-conviction counsel constitutes an extraordinary circumstance for equitable tolling purposes.  The

Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. *See Holland*, 560 U.S. at 635–54. An "egregious error" includes instances where an attorney fails to file an appeal after an explicit request from the petitioner, "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76–77 (3d Cir. 2004). Petitioner's conclusory and vague assertion concerning defense counsel's and post-conviction counsel's alleged ineffectiveness does not demonstrate that his counsel's conduct was so egregious that it rose to the level of extraordinary circumstances. Even assuming, *arguendo*, that defense and post-conviction counsel's assistance did constitute extraordinary circumstances, Petitioner has not demonstrated the requisite diligence for equitable tolling. Notably, Petitioner does not explain why he waited nineteen years before filing his Rule 61 motion in the Superior Court, or why he then waited four more years before filing the instant Petition.

For these reasons, the Court concludes that equitable tolling is not available on the facts presented by Petitioner. Accordingly, the Court will dismiss the instant Petitioner as time-barred.

## III.     CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it

debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable.  Therefore, the Court will not issue a certificate of appealability.

## IV.   <u>CONCLUSION</u>

For the reasons stated, Respondents' Motion to Dismiss is granted and the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability.  An appropriate Order shall issue.